**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) | **CRIMINAL ACTION** |
| v. | ) ) | **NO. 15-40037-TSH** |
| **HUGO SANTANA-DONES,** | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR**
**COMPASSIONATE RELEASE**
October 29, 2020

**HILLMAN, D.J.,**

Hugo Santana-Dones ("Mr. Santana-Dones" or "Defendant") pled guilty to: conspiracy to possess with intent to distribute and distribution of controlled substances (heroin and cocaine), in violation of 21 U.S.C. §846; distribution and possession with intent to distribute heroin, and aiding and abetting, in violation of 21 U.S.C. §841 & 18 U.S.C. §2; and possession of heroin and cocaine with intent to distribute and aiding and abetting, in violation of 21 U.S.C. §841 and 18 U.S.C. §2. I sentenced him to eighty months' imprisonment followed by four years of supervised release. His sentence is set to expire on April 10, 2021.

On September 1, 2020, Mr. Santana-Dones filed a motion for compassionate release pursuant to 18 U.S.C. §3582 due to the ongoing COVID-19 pandemic (Docket No. 345). For the reasons set forth below, the motion is denied.

**Discussion**

Section 3582(c) begins with the general principle that a "court may not modify a term of imprisonment once it has been imposed . . . ." Upon motion of the Director of the Bureau of Prisons or a defendant,[1] however, a court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A).

Upon consideration of the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors as they pertain to Mr. Santana-Dones, I am not convinced he has met the burden necessary to secure a compassionate release. These factors include: (1) that he suffers from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; (2) the health, safety, and living conditions at the facility where the defendant is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of the defendant's remaining sentence.

Mr. Santana-Dones is 50 years old and has been diagnosed with hypertension and hyperlipidemia (high cholesterol). Both conditions place Mr. Santana-Dones in a higher risk category should he contract COVID-19. At the same time, these conditions can be controlled by medication. He also suffers from a few other medical conditions that do not increase his risk factor or otherwise significantly affect his health. On September 6, 2017, he was sentenced to a below

---

[1] Defendant has exhausted his administrative remedies under 18 U.SC. §3582(c((1)(A)(i).

guidelines sentence of 80 months' incarceration after being convicted of conspiracy to possess with intent to distribute and distribution of heroin and cocaine. Mr. Santana-Dones was distributing large quantities of drugs for a lengthy period of time and had multiple prior convictions including prior drug convictions. He is serving his sentence at Moshannon Valley CI ("Moshannon") a medium security prison and has a release date of April 10, 2021. Mr. Santana-Dones is not a United States citizen and is facing deportation. If ICE lodges a detainer against Mr. Santana-Dones, he likely will not be released to a step-down program prior to the expiration of his sentence, but instead will serve his entire sentence and then be transferred to a federal detention center to await deportation. If the Court grants his motion for compassionate release, that transfer would happen immediately. Mr. Santana-Dones proposes that he would then return to the Dominican Republic to live with his sister. If ICE does not lodge a detainer and the Court grant his motion, he would propose to live with his parents in Framingham, Massachusetts. Moshannon has reported zero inmates as having tested positive for Covid-19; three staff members have tested positive but have since recovered.

      Mr. Santana-Dones has approximately six months left to serve on his below guidelines sentence. He was convicted for distributing significant amounts of heroin and cocaine and has prior drug convictions for dealing which make him a danger should he end up being released into the community to complete his sentence. While he suffers from health conditions that place him at higher risk should he contract COVID -19, those conditions can be controlled by medication. Moreover, Moshannon has not reported any cases of inmates testing positive and currently has no positive cases. Considering the totality of these circumstances, I find that Mr. Santana-Dones has not established that he is entitled to compassionate release and his motion is denied.

## Conclusion

For the reasons explained above, Defendant's Expedited Motion For Compassionate Release Under 18 U.S.C. §3582(C)(1)(A) is *<u>denied</u>*.

<u>/s/ *Timothy S. Hillman*</u>
**Timothy S. Hillman**
**UNITED STATES DISTRICT JUDGE**
