UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HUGO SANTANA-DONES,<br>                      Defendant. | CRIMINAL ACTION<br>NO. 15-40037-TSH |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
February 12, 2021

**HILLMAN, D.J.,**

Hugo Santana-Dones ("Mr. Santana-Dones" or "Defendant") pled guilty to conspiracy to possess with intent to distribute and intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846 (Count I); distribution and possession with intent to distribute 100 grams or more of heroin and aiding and abetting in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 (Count IV); and possession of heroin and cocaine with intent to distribute and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2 (Count VIII). I sentenced him to eighty months' imprisonment followed by four years of supervised release on each count to be served concurrently. He is currently incarcerated at the Moshannon Valley Correctional Institution ("MV

CI") in Phillipsburg, Pennsylvania. As of the date of this Order, he has nearly completed his sentence and is set to be released on April 10, 2021.

On September 1, 2020, Mr. Santana-Dones filed an emergency motion for compassionate release (Docket No. 345) pursuant to 18 U.S.C. § 3582 due to the ongoing pandemic. On October 29, 2020, after hearing, I denied Mr. Santana-Dones's motion after finding that he had not established extraordinary and compelling circumstances warranting compassionate release. *See* Docket No. 354.[1] On December 6, 2020, Mr. Santana-Dones filed an emergency motion for reconsideration of my denial of his motion for compassionate release (Docket No. 355) and on December 17, 2020, he filed a second motion for reconsideration (Docket No. 356) in both citing a significant increase of positive COVID-10 cases at MV CI. In support of his motions, Mr. Santana-Dones cited the danger that COVID-19 poses to his health and safety given the dramatic change of conditions at MV CI. More specifically, on December 6, 2020, MV CI had 23 inmates actively positive with COVID-19, and as of December 17, 2020, that number had increased to 43. As of the date of the hearing, circumstances had improved significantly, MV CI had 4 inmates actively positive for the virus and that number remains the same as of the date of this Order. Moreover, Mr. Santana-Dones contracted COVID-19 at the end of December and has now recovered. Additionally, Mr. Santana-Dones is subject to deportation upon his release and there is an immigration detainer in place. If this Court were to grant Mr. Santana-Dones's motion, because of the immigration detainer, he would likely continue to be held at MV CI until his sentence is completed and he is deported (his deportation would likely take place a couple of months sooner than if his motion is denied).

---

[1] At the time, there were no actively positive cases of COVID-19 at MV CI and the risk factors cited by Mr. Santana-Dones (hypertension and high cholesterol) were controlled by medication.

**Discussion**

Section 3582(c) begins with the general principle that a "court may not modify a term of imprisonment once it has been imposed . . . ." Upon motion of the Director of the Bureau of Prisons or a defendant,[2] however, a court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A). Mr. Santana-Dones tested positive for COVID-19 after filing his motion. While he suffers from medical conditions that place him in a higher risk category should he contact the virus (medial conditions which are controlled by medication), current research suggests that he would not be susceptible to contracting the virus again prior to his scheduled release date. Moreover, the situation at MV CI has improved significantly since he filed his motion—there are currently 4 inmates actively positive for COVID-19—which indicates that the recent outbreak is under control. Finally, given that he is subject to immediate deportation upon his release and an immigration detainer has been lodged against him, should I grant his motion, he would continue to be held at MV CI albeit for a shorter period of time. Under the circumstances, Mr. Santana-Dones has failed to establish extraordinary and compelling reasons justifying compassionate release. Assuming that he had carried his burden, I would then have to consider "the factors set forth in section 3553(a) to the extent they are applicable" and determine whether release would be consistent with such factors. As I found in my prior Order denying Mr. Santana-Dones's motion for compassionate release, he was sentenced to

---

[2] I need not determine whether a defendant must exhaust him administrative remedies before filing a Section 3553(a) motion with this Court because Mr. Santana-Dones represents that he filed a request for release with the warden more than 30 days ago. The warden has failed to act upon him request for release.

a below guidelines sentence after being convicted of serios drug offenses and he had a history of prior convictions. Early release of Mr. Santana-Dones would minimize the seriousness of the conduct for which he was convicted and would not be consistent with the Section 3553(a) factors. Accordingly, his motions for compassionate release are denied.

## Conclusion

For the reasons stated:

1. Defendant's (Emergency) Motion to Reconsider Denial of Expedited Motion For Compassionate Release under 18 U.S.C. §3582(c)(1)(a) (Docket No. 355) is ***denied***; and

2. Defendant's Second (Emergency) Motion to Reconsider Denial of Expedited Motion For Compassionate Release under 18 U.S.C. §3582(c)(1)(a) (Docket No. 356) is ***denied***

**SO ORDERED**

/s/ *Timothy S. Hillman*
**Timothy S. Hillman**
**UNITED STATES DISTRICT JUDGE**